## Burke v. McStay

*Kurt J. Shaffer,* for plaintiffs.
*Roland J. Christy,* for defendants.

BROWN, *J.,* November 24, 1987—On September 24, 1981, plaintiffs, Frank Burke and Margaret Burke, husband and wife, sold to defendants, Hugh McStay and Bertha McStay, husband and wife, 110 common shares in Glenside Delicatessen Inc., a Pennsylvania corporation. The price was $50,000 the consideration for which was a judgment note payable in weekly installments of $250.87. The note contained a confession of judgment clause. Repayment was to commence October 5, 1981, at an interest rate of 11 percent per annum.

Defendants defaulted on June 24, 1985, and have made no payments since. On June 20, 1986, judgment was confessed for principal in the amount of $15,565.25, plus interest of $1,646.32 and attorney fees and costs of $2,581.73. On July 3, 1986, defendants filed a motion to strike and/or open the confessed judgment. We denied the motion on June 18, 1987.

The note states:

". . . To secure payment of this note, the maker hereby authorizes any prothonotary, clerk of court, or attorney of any court of record to appear for him in such court and confers judgment against him in favor of any holder of this note for such amount as may appear to be unpaid thereon together with attorney's fees and costs as herein provided, release of all errors, waiver of appeals, without stay of execution, and hereby waives and releases all benefit and relief from any and all appraisement, stay or exemption laws now in force or hereinafter enacted.

"*The failure* to pay any installment or principal or interest when due gives the holder the right to mature same and declare the balance due and payable forthwith. It is agreed that time is of the essence of this note."

"A petition to open judgment is an appeal to the equitable powers of the court. As such it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion." *First Seneca Bank v. Laurel Mountain Development Corporation,* 506 Pa. Super. 439, 442, 485 A.2d 1086, 1088 (1984). "A judgment taken by confession will be opened in only a limited number of circumstances, and only when the person seeking to have it opened acts promptly, alleges a meritorious defense and presents sufficient evidence of

that defense to require submission of the issues to the jury." Id.

Defendant husband claims he earns less than $10,000 per year, and therefore, judgment cannot be confessed against him. He cites *Swarb v. Lennox*, 314 F. Supp. 1091 (1970), aff'd, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972) as authority for this proposition. *Swarb* was a class action arising out of consumer transactions with individual debtors who at the time of execution of the confessed judgments had incomes or conjugal incomes of less than $10,000 a year.

"The court's decree, in effect establishes a prima facie presumption that, as to the class of debtors earning less than $10,000 a year, there had not been a knowing, understanding and intelligent waiver sufficient to permit entry of judgment without a prior hearing on the validity of the waiver." 8 Goodrich-Amram 2d §2950:2.

*Swarb* is distinguishable. Defendants do not allege their conjugal incomes were under $10,000 per year; merely that the husband's income was less than $10,000 since his 1981 W-2 form shows an income of $9,165. However, the wife was employed in a full-time paying job when the judgment note was executed from which we can and do infer that their combined income exceeded $10,000.

A confession of judgment against an individual having yearly income under $10,000 is constitutionally impermissible unless it is shown that the individual understandingly, intelligently and voluntarily waived his right to due process. *Investors Loan Corp. v. Perez*, 74 D.&C.2d 149 (1975). We find plaintiffs and defendants voluntarily executed the note and were free to negotiate its terms. There was no disparity of bargaining power.

Also the 11 percent rate of interest charged was not usurious. 41 Pa. C.S. §301(f)(v) provides that business loans in excess of $10,000 are exempt from the six percent cap imposed by section 201.

The motion to strike the judgment has apparently been abandoned because defendants' brief offers nothing in support.